RECEIVED

JAN - 9 2013

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

BRANDON SOILEAU                                CIVIL ACTION NO.: 12-2573

VERSUS                                         JUDGE DOHERTY

ERIE INSURANCE CO.                             MAGISTRATE JUDGE HILL

## MEMORANDUM RULING

Pending before this Court are three motions: (1) Motion to Stay Proceedings [Doc. 14] filed by plaintiff Brandon Soileau ("plaintiff"); (2) Motion to Amend/Correct [Doc. 18], also filed by plaintiff; and (3) Motion for Summary Judgment [Doc. 5] filed by defendant Erie Insurance Company ("Erie"). All of the motions are opposed [Docs. 9, 15, 16, 22]. Additionally, Erie filed a Motion For Leave to Reply to plaintiff's opposition brief in connection with Erie's summary judgment motion [Docs. 10, 13], which is opposed by the plaintiff [Doc. 12].

The plaintiff – who obtained a state court judgment in the amount of approximately $1.7 million in his favor and against Erie's insured, Kenneth Johnson – seeks to stay the instant matter under the *Colorado River* doctrine on grounds the instant case is parallel to the state court case in which the judgment was recovered, certain issues of which have been appealed to the Louisiana Third Circuit Court of Appeal. The motion to amend was filed by Mr. Soileau in response to Erie's objection to the motion to stay. The motion to amend seeks to remove a prayer for relief, the result of which will make the instant case and the state court case involving the same accident parallel.

Because this Court concludes amendment of the plaintiff's complaint in the instant case is appropriate, and because amendment of the complaint results in the pendency of parallel proceedings in this court and the state court, this Court concludes the instant matter should be stayed, all for the

reasons more fully discussed below.

## I.       Factual and Procedural History

The relevant factual background is as follows.  This matter arises out of a motor vehicle

accident that occurred in 2008, which spawned a state court lawsuit in the 13th Judicial District Court

for the Parish of Evangeline, Louisiana.  The details of that case are unimportant for this Court's

purposes, except to note that in the state court lawsuit, Mr. Soileau, the injured plaintiff, initially did

not sue Erie, Mr. Johnson's insurer.  Rather, Mr. Soileau sued two drivers involved in the accident,

Joseph Briscoe and Thomas Tracy, along with Briscoe's insurer, State Farm.  Mr. Soileau also sued

his own insurer, Allstate.  Mr. Soileau "subsequently entered into settlements with State Farm,

Briscoe, Tracy and Allstate reserving his rights against Johnson and any insurer providing coverage

to Johnson."[1]  Erie's insured, Kenneth Johnson, did not answer the lawsuit, and Mr. Soileau moved

for a default judgment.

A preliminary default was entered by the state trial court against Mr. Johnson on September

4, 2011, and after a confirmation of default hearing, the state trial court entered judgment in favor

of Mr. Soileau and against Mr. Johnson for more than $1.7 million.  Mr. Johnson subsequently filed

a Motion for New Trial and Motion to Annul in the state court case, arguing the default judgment

against him was an absolute nullity because Mr. Johnson was not properly served with the citation

and petitions under the Louisiana Long Arm Statute.  Mr. Johnson, also, filed a separate Petition to

Amend Default Judgment in state court and a Motion for Partial Summary Judgment (arguing

insufficiency of service of process under the Louisiana Long Arm Statute) in that lawsuit, arguing

the default judgment against him was absolutely null.  The trial court held a hearing on all motions

---

[1] *See* Plaintiff's Motion to Stay, Doc. 14, at p. 3.

and subsequently issued Written Reasons for Judgment, denying all three of Mr. Johnson's motions and specifically finding Mr. Johnson was properly served with the state court lawsuit under the Louisiana Long Arm Statute.

Mr. Johnson applied for supervisory writs to the Louisiana Third Circuit Court of Appeal on the ruling denying his Motion for Summary Judgment, which application was denied. Mr. Johnson, also, filed an appeal of the ruling denying his Motion for New Trial and Motion to Annul. That appeal is currently pending in the Louisiana Third Circuit Court of Appeal. Specifically, Mr. Johnson did not appeal the underlying $1.7 million judgment against him.

After the trial court ruled, Mr. Soileau filed a Third Amending and Supplemental Petition in the state court lawsuit, arguing Erie provided liability insurance to Mr. Johnson at the time the accident occurred. In the Third Amending and Supplement Petition, Mr. Soileau seeks "Judgment in his favor and against Erie Insurance Company in the amount of $1,713,832.61 pursuant to the terms and conditions of Erie Insurance Company's policy of liability insurance."[2] Out of an abundance of caution, and because he was concerned about prescriptive issues, Mr. Soileau argues he, also, filed a separate, stand-alone lawsuit in the Evangeline Parish state court, which was subsequently removed by Erie to this Court, and which comprises the instant lawsuit. In the instant lawsuit, Mr. Soileau seeks ""the full amount of the above-described Judgment [described in an earlier paragraph as $1,713,832.61] plus interest and cost pursuant to the terms and conditions of Erie Insurance Company's policy of liability insurance."[3]

According to Mr. Soileau, the allegations made by Mr. Soileau against Erie in the Third

---

[2] *See* Third Amending and Supplemental Petition, ¶23.

[3] *See* Complaint, Doc. 1, at ¶5.

Amending and Supplemental Petition filed in the Evangeline Parish state court and the claims alleged by Mr. Soileau against Erie in the instant federal lawsuit are identical.  Because the lawsuits are identical, Mr. Soileau argues, they are parallel, and thus, Soileau argues, the instant federal court lawsuit should be stayed pending disposition of the state court lawsuit, because of the danger of inconsistent judgments in the two cases.

Erie disputes Mr. Soileau's contention that the state court lawsuit and the instant lawsuit are parallel, arguing two distinct differences between the two lawsuits that militate against a stay of the instant case under the *Colorado River* doctrine.  First, Erie contends in the instant lawsuit, Mr. Soileau seeks exemplary damages against Erie, while no similar prayer for exemplary damages exists in the state court lawsuit.  Second, Erie argues in the instant lawsuit, Mr. Soileau seeks *full recovery* of the $1.7 million default judgment rendered against Erie's insured.  Erie argues both claims exceed Erie's policy limits.

In response to the foregoing arguments, Mr. Soileau filed a Motion to Amend his complaint.[4] In his Motion to Amend, Mr. Soileau argues the inclusion of the prayer for exemplary damages contained within the original federal court complaint was a "typographical error" and Mr. Soileau did not, in fact, intend to request exemplary damages.  Erie opposes the motion to amend on grounds "plaintiff's ... attempt to amend and supplement his pending federal court claim against Erie is both an acknowledgment that the federal and state court cases at issue are NOT PARALLEL and a belated attempt on plaintiff's part to make them parallel."  Because the decision to stay the case cannot be

---

[4] The Motion to Amend was originally referred to the magistrate judge under the standing orders of this Court.  After a Rule 16 conference with the parties, the magistrate judge concluded the motion to amend was intertwined with the issues before this Court on the motion to stay and referred the Motion to Amend to this Court to be decided along with the Motion to Stay.

made until the Court has considered the Motion to Amend, the Court considers the amendment first.

## II.     Law and Analysis

### 1.     Motion to Amend Complaint [Doc. 18]

Mr. Soileau seeks to amend his federal court complaint in order to remove his prayer for exemplary damages.  Mr. Soileau argues the inclusion of a request for exemplary damages in his complaint was a "typographical error," and the removal of the request for exemplary damages will render his federal court claims against Erie parallel to his state court claims against Erie, which supports a stay of the instant federal lawsuit.  Erie opposes the amendment, arguing – without support – that Mr. Soileau's inclusion of the prayer for exemplary damages in the original complaint was more than "typographical," and the amendment is merely an attempt by Mr. Soileau to make his federal court complaint identical to Mr. Soileau's state court petition against Erie.[5]

The issue of amendment is governed by Rule 15 of the Federal Rules of Civil Procedure. Rule 15(a)(1) and (2) of the Federal Rules of Civil Procedure state:

Rule 15. Amended and Supplemental Pleadings

(a) Amendments Before Trial.

> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:

> > (A) 21 days after serving it, or

---

[5] This Court concludes Erie's argument regarding Mr. Soileau's request for the "full amount" of the $1.7 million judgment is unpersuasive.  In the state court lawsuit, Mr. Soileau prays for "Judgment in his favor and against Erie Insurance Company in the amount of $1,713,832.61 pursuant to the terms and conditions of Erie Insurance Company's policy of liability insurance."  In the instant lawsuit, Mr. Soileau prays for ""the full amount of the above-described Judgment [described in an earlier paragraph as $1,713,832.61] plus interest and cost pursuant to the terms and conditions of Erie Insurance Company's policy of liability insurance."  This Court sees no distinction between these two prayers for relief.

(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

(2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed.R.Civ. P. 15(a)(1) & (2).   The Fifth Circuit has held Rule 15(a)(2) provides that "[a] court should freely give leave" to amend pleadings "when justice so requires," but the decision to grant or deny leave to amend a complaint lies within the discretion of the district court. *Muttathottil v. Gordon H. Mansfield*, 381 Fed. Appx. 454, 457 (5ᵗʰ Cir. 2010) (unpublished), *citing Little v. Liquid Air Corp.*, 952 F.2d 841, 845 (5ᵗʰ Cir.1992), *rev'd on other grounds*, 37 F.3d 1069 (5ᵗʰ Cir.1994). In making this decision, a court may consider:

undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.

*Id., quoting Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

Here, there is no evidence of bad faith or dilatory motive on the part of Mr. Soileau in seeking to amend his complaint.   Indeed, Mr. Soileau argues he wishes to amend his original complaint because it contains a typographical error, and this Court has no reason to doubt the inclusion was one of inadvertence.   Moreover, the deadline to amend pleadings in this case is April 13, 2013, therefore, the request to amend was urged well before the deadline.

Allowing the amendment will result in the existence of parallel state and federal lawsuits, and Erie tacitly acknowledges this when it argues Mr. Soileau's amendment of his federal court complaint is an attempt to "make the lawsuits parallel."   Indeed, even if Erie's argument were accepted, such an argument would not defeat Mr. Soileau's attempt to amend his complaint.   It is

6

not improper for a party to attempt to amend his pleadings to add or remove any claim, or correct

an inadvertent error, prior to the Court's Scheduling Order deadline to do so.

Erie implicitly argues the amendment of the plaintiff's federal court complaint will not result

in parallel proceedings, because Erie argues there is actually no pending proceeding against it in the

state court action. Specifically, Erie argues because Mr. Soileau attempted to add Erie as a party to

the state court lawsuit after the denial of Erie's motion for new trial/motion to annul was appealed

to the Louisiana Third Circuit Court of Appeals, the state court petition adding Erie is not valid and,

therefore, is not a pleading at all. Thus, Erie argues, it has not been added as a party to the state court

lawsuit, and that lawsuit, therefore, is not parallel to the instant federal court lawsuit.

Erie's argument is misplaced. Indeed, Erie does not argue the state court pleading adding

Erie to the state court lawsuit was invalidated by the state court, or that the pleading has even been

*challenged* by any party to the state court action. Nor does Erie argue the state court *sua sponte*

invalidated the petition against Erie for lack of jurisdiction. Therefore, although this Court might

have question as to the validity of the amendment in the state court action, this Court has been

presented with a procedural scenario in which a petition alleging claims identical to those alleged

against Erie in the instant matter is at present, also, pending in the state court. Whether the

additional petition lodged in state court is or is not valid is a matter of state law for the state court

to determine.[6]

---

[6] Erie argues the issue turns on the interpretation of Article 2088 of the Louisiana Code of Civil Procedure, which states:

Art. 2088. Divesting of jurisdiction of trial court

A. The jurisdiction of the trial court over all matters in the case reviewable under the appeal is divested, and that of the appellate court attaches, on the granting of the order of appeal and the timely filing of the appeal bond, in the case of a suspensive appeal or on the granting of the order of appeal, in the case of a devolutive

Thus, for this Court's purposes and until it is shown otherwise, this Court must assume, for

purposes of the motion to stay, there is a pending lawsuit against Erie in the state court action, which

lawsuit contains claims that are identical to those alleged against Erie in the instant lawsuit. Whether

the state court claims against Erie have been properly *procedurally* alleged is a matter to be

---

appeal. Thereafter, the trial court has jurisdiction in the case only over those matters not reviewable under the appeal, including the right to:

(1) Allow the taking of a deposition, as provided in Article 1433;

(2) Extend the return day of the appeal, as provided in Article 2125;

(3) Make, or permit the making of, a written narrative of the facts of the case, as provided in Article 2131;

(4) Correct any misstatement, irregularity, informality, or omission of the trial record, as provided in Article 2132;

(5) Test the solvency of the surety on the appeal bond as of the date of its filing or subsequently, consider objections to the form, substance, and sufficiency of the appeal bond, and permit the curing thereof, as provided in Articles 5123, 5124, and 5126;

(6) Grant an appeal to another party;

(7) Execute or give effect to the judgment when its execution or effect is not suspended by the appeal;

(8) Enter orders permitting the deposit of sums of money within the meaning of Article 4658 of this Code;

(9) Impose the penalties provided by Article 2126, or dismiss the appeal, when the appellant fails to timely pay the estimated costs or the difference between the estimated costs and the actual costs of the appeal; or

(10) Set and tax costs and expert witness fees.

B. In the case of a suspensive appeal, when the appeal bond is not timely filed and the suspensive appeal is thereby not perfected, the trial court maintains jurisdiction to convert the suspensive appeal to a devolutive appeal, except in an eviction case.

La. C. Civ. P. Art. 2088 (West 2012).

However, Mr. Soileau argues the trial court was not divested of jurisdiction over his claim against Erie in state court, because Erie was not a party to the appeal taken by Johnson, and because Johnson did not take an appeal from the actual judgment rendered against him, but actually appealed only the trial court's denial of his motion for new trial, which Mr. Soileau argues is an unappealable judgment. The foregoing are all matters of state law for the state court to determine.

challenged in the state court and for the state court to determine; this Court must address the state court proceeding as it exists, thus, such considerations have no bearing on this Court's conclusion that Mr. Soileau should be permitted to amend his complaint to remove the prayer for exemplary damages.

Considering the foregoing, Mr. Soileau's Motion to Amend his complaint [Doc. 18] is GRANTED.

### 2.   Motion to Stay

As this Court has granted Mr. Soileau's Motion to Amend his complaint, the Court now turns its attention to Mr. Soileau's Motion to Stay the instant federal court lawsuit under the *Colorado River* abstention doctrine. Erie opposes a stay.

"A district court's decision to enter a permanent stay is governed by *Colorado River Water Conservation Dist. v. U. S.*, 424 U.S. 800, 813, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976)." *Stewart v. Western Heritage Insurance Company*, 438 F.3d 488, 491 (5ᵗʰ Cir. 2006). "*Colorado River* applies when suits are parallel, having the same parties and the same issues." *Id.* "A court may abstain from a case that is part of parallel, duplicative litigation typically only under 'exceptional' circumstances." *Kelly Inv., Inc. v. Continental Common Corp.*, 315 F.3d 494, 497 (5ᵗʰ Cir. 2002)(quoting *Colorado River* at 818). The Supreme Court has identified six factors to consider in determining whether "exceptional circumstances" exist, such that a federal court may abstain out of deference to a pending state court proceeding: (1) assumption by either court of jurisdiction over a *res*; (2) relative inconvenience of the forums; (3) avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) to what extent federal law provides the rules of decision on the merits; and (6) the adequacy of the state proceedings in protecting the rights of

the party invoking federal jurisdiction. *Stewart* at 491 (quoting *Kelly Inv., Inc.* at 497). "The decision of whether to abstain 'does not rest on a mechanical checklist' of these factors, but rather 'on a careful balancing of [them] as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction.'" *Kelly Inv., Inc.* at 497-98 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983)).

The Court will consider each factor in turn.

### 1.    Assumption by either court of jurisdiction over a *res*

The parties agree no *res* is involved in this matter. Accordingly, this factor supports exercising federal jurisdiction.[7] *Stewart* at 492, n.4.

### 2.    Relative inconvenience of the forums

The Fifth Circuit has held the inconvenience factor primarily involves the physical proximity of the federal forum to the evidence and witnesses and has concluded "the relative locations of the forums, the location of evidence or witnesses, [and] the availability of compulsory process" are the "very concerns that make up the 'inconvenience factor.'" *Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1191 (5th Cir. 1988). When courts are in the same geographic location, the inconvenience factor weighs against abstention. *Stewart* at 488, *citing Murphy Id.*, 168 F.3d at 738.

Here, the state courthouse with jurisdiction over the state court lawsuit is located in Ville Platte, Louisiana, which is located in Evangeline Parish, while the federal courthouse is located in Lafayette, Louisiana. Ville Platte, Louisiana is roughly 42 miles from Lafayette, Louisiana. However, Mr. Soileau currently resides in Natchitoches Parish, Louisiana, which is approximately

---

[7] Mr. Soileau incorrectly argues the absence of a *res* creates a neutral factor; Erie is correct that the absence of a *res* weighs *against* abstention. *Stewart*, 438 F.3d at 492.

150 miles from Lafayette, while Erie's principal place of business is in Erie, Pennsylvania. Natchitoches is approximately 110 miles from Ville Platte.

Erie argues neither forum is more or less convenient than the other, which militates against a stay. However, the Fifth Circuit has held the "question in the end is not whether [the movant] can demonstrate that [one district] is a "better" or "more convenient" forum. Rather, it is whether the inconvenience of the federal forum is so great that this factor points toward abstention." In *Colorado River*, the Court referred to the inconvenience of trying the case in the federal district court in Denver, 300 miles from the disputed area and from the Colorado state court with jurisdiction over that area. 424 U.S. at 820, 96 S.Ct. at 1248.

This Court concludes the plaintiff's city of residence, as well as, presumably, the evidence and witnesses in the case, and the federal forum are generally in the same geographic location, that is, southwest Louisiana. Accordingly, this factor weighs against abstention.

### 3. Avoidance of piecemeal litigation

As stated in *Stewart*:

> The pendency of an action in state court does not bar a federal court from considering the same matter. *Bank One, N.A.*, 288 F.3d at 185. While duplicative litigation is permitted, *Colorado River* prevents "piecemeal litigation, and the concomitant danger of inconsistent rulings with respect to a piece of property." *Black Sea Inv. v. United Heritage Corp.*, 204 F.3d 647, 650-51. Again, no property is at issue in this case. The potential, however, does exist for some piecemeal litigating as the state court is the only forum hearing the breach of fiduciary duty claims and claims against Dunn. For the remaining issues, a plea of *res judicata* after the completion of one suit could eliminate the problem of inconsistent judgments. *Kelly Inv.*, 315 F.3d at 498. Nonetheless, as the litigation presently exists, the third factor favors abstention.

*Id.* at 493; *see also Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1192 (5th Cir. 1988)("The prevention of duplicative litigation [as opposed to piecemeal litigation] is not a factor to be

11

considered in an abstention determination."). In *Saucier v. Aviva Life and Annuity Co.*, 701 F.3d 458, 464 (5th Cir. 2012), the Fifth Circuit stated:

> The concern with piecemeal litigation arises primarily where parallel lawsuits "pose [ ] a risk of inconsistent outcomes not preventable by principles of res judicata and collateral estoppel." "The classic example arises where all of the potentially liable defendants are parties in one lawsuit, but in the other lawsuit, one defendant seeks a declaration of nonliability and the other potentially liable defendants are not parties." If the state court action is able to resolve all of the claims involved in a dispute with respect to all of the parties involved while the federal court action is able to resolve the dispute only partially, this would weigh in favor of abstention.

(internal citations omitted).

As in *Stewart*, no property is at issue in this case. However, also like *Stewart*, the potential exists for piecemeal litigation. The state court lawsuit includes all of the accident participants, as well as the claims by Mr. Soileau against Mr. Johnson, the insured, while the instant federal court lawsuit does not include the claims against Johnson, but only the claims against Erie, Mr. Johnson's insurer. Thus, there is a danger of piecemeal litigation and inconsistent judgments; particularly given the somewhat unique procedural posture of the state court case; indeed, Erie's liability is dependent on a finding that its insured, Mr. Johnson, was liable for Mr. Soileau's injuries. Because Mr. Johnson is not a party to the instant lawsuit, there is a danger that this Court could find liability on the part of Erie while another court concludes there was no underlying liability on the part of Mr. Johnson. For this reason, the Court is not dealing with merely duplicative litigation in the instant case, but the threat of piecemeal litigation. The doctrine of *res judicata* does not cure such a scenario.

Considering the foregoing, this factor weighs heavily in favor of staying the federal court lawsuit.

4. **The order in which jurisdiction was obtained by the concurrent forums**

"The inquiry under this factor is 'how much progress has been made in the two actions.'" *Stewart* at 492 (quoting *Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 738 (5th Cir. 1999)). Furthermore, the Fifth Circuit "has suggested that this factor only favors abstention when the federal case has not proceeded past the filing of the complaint." *Id.* (citing *Murphy* at 738); *see also Colorado River* at 820 ("we also find significant ... the apparent absence of any proceedings in District Court, other than the filing of the complaint, prior to the motion to dismiss....").

There is no question that this factor weighs in favor of abstention. The state court case has proceeded to a judgment in favor of Mr. Soileau against the insured, while the instant federal court lawsuit was removed to this Court approximately four months ago and has not progressed to the stage of the filing of final pleadings.

Therefore, the Court finds this factor favors abstention.

5. **To what extent federal law provides the rules of decision on the merits**

The instant case involves only issues of state law. Nevertheless, the Fifth Circuit has held "[t]he absence of a federal-law issue does not counsel in favor of abstention." *Black Sea Inv., Ltd. v. United Heritage Corp.*, 204 F.3d 647, 650 (5th Cir. 2000). In *Black Sea*, the court stated:

> [O]ur task in cases such as this is not to find some substantial reason for the exercise of federal jurisdiction by the district court; rather, the task is to ascertain whether there exist 'exceptional circumstances,' the 'clearest of justifications,' that can suffice under Colorado River to justify the surrender of that jurisdiction."

*Id.* at 650.

Thus, "the presence of state law issues weighs in favor of surrender only in rare

circumstances." *Stewart* at 493, *quoting Black Sea*, 204 at 651.  In *Stewart*, the court noted "Appellee has failed to show that 'rare circumstances' exist. Therefore, this factor is 'at most neutral.'" *Id.* (quoting *Black Sea Inv.* at 651).

Because neither party has shown that "rare circumstances" exists in the instant case, this Court concludes this factor is, at best, neutral.

### 6.    The adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction

The Fifth Circuit has explained this factor "can only be a neutral factor or one that weighs against, not for, abstention." *Evanston*, 844 F.2d at 1193.  There has been no indication the state court cannot protect Erie's rights in the state court litigation, and this Court concludes the Louisiana state court can adequately adjudicate all issues that have been raised by the parties.  Accordingly, this is a neutral factor.

### SUMMARY

Thus, after consideration of all of the *Colorado River* factors, this Court concludes two of the factors (assumption over a *res* and convenience of the forums) favor exercising jurisdiction; two of the factors (avoidance of piecemeal litigation and the order in which jurisdiction was obtained) strongly favor abstention; and two of the factors (the extent to which federal law governs and adequacy of the state court) are neutral.  After consideration of all the factors, taken as a whole, this Court concludes the danger of piecemeal litigation strongly outweighs the factors favoring the exercise of jurisdiction, and the Court concludes a stay of the present matter is therefore warranted under *Colorado River* until the state court lawsuit resolves and the issue of Mr. Johnson's liability is resolved by the state court.

14

III.    Conclusion

For the foregoing reasons,

IT IS ORDERED that the Motion to Amend/Correct [Doc. 18] is hereby GRANTED.  IT IS

FURTHER ORDERED that the Motion to Stay Proceedings [Doc. 14] is GRANTED and this matter

is placed upon this Court's administrative docket until the state court matter is resolved.  IT IS

FURTHER ORDERED that the parties shall contact this Court in writing within ten (10) days of the

resolution of the state court lawsuit between the parties to request a telephone conference to discuss

the status of this case.  The Motion for Summary Judgment [Doc. 5] filed by defendant Erie

Insurance Company ("Erie"), as well as the Motion For Leave to Reply to plaintiff's opposition brief

in connection with Erie's summary judgment motion [Docs. 10, 13], are DENIED as premature, with

no prejudice to the parties to refile once resolution of the sate court matter is complete and this

matter returned to this Court's active docket and the stay lifted.

THUS DONE AND SIGNED in Chambers, Lafayette, Louisiana, this _____9_____ day of

January, 2013.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE